IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 33863-1-III |
| | ) | |
| MELISSA J. DICKERSON, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| KENT E. DICKERSON, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Kent E. Dickerson appeals the trial court's

characterization of property in his dissolution action. We affirm.

FACTS

Mr. Dickerson and Melissa Smith[1] were married on June 30, 2007 in Las Vegas,

Nevada. At that time, they both lived in Texas. The parties separated on September 7,

2014 in Spokane, Washington. Ms. Smith filed the petition for dissolution on

September 17, 2014.

---

[1] Ms. Smith received a name change as part of the dissolution.

Both parties brought separate property into their marriage. Mr. Dickerson's separate property that he brought into the marriage included a Wells Fargo checking account, a home on Highline Trail in San Antonio, Texas, and a T. Rowe Price account. Ms. Smith's separate property that she brought into the marriage included a USAA checking account, a home on Guadalupe Street, and her own T. Rowe Price account.

Ms. Smith testified that prior to marriage, she and Mr. Dickerson discussed their financial and retirement goals and how they would achieve them. According to Ms. Smith, they agreed to pool their assets, Mr. Dickerson would actively manage their pooled assets, and she would continue to work to provide income until she could retire. Their financial goal was to accumulate one million dollars in combined assets and comfortably retire. Mr. Dickerson agreed that he and Ms. Smith discussed a joint retirement and financial plan, both before and during the marriage. He did not really disagree with how those goals would be achieved.

Ms. Smith's testimony about pooling separate assets together was supported by the evidence presented at trial. First, at the time of their marriage, Mr. Dickerson closed his Wells Fargo account and deposited the proceeds in Ms. Smith's USAA account. The community nature of the USAA account was evident by the parties' actions of depositing community earnings in it and paying community bills. Second, Ms. Smith sold her home

on Guadalupe Street and deposited the proceeds in the community USAA account. Third, Mr. Dickerson directed Ms. Smith to sign a community property deed that converted his Highline home to community property; the parties later rented out the Highline home and deposited the monthly lease payments into the USAA community account. Fourth, the parties withdrew substantial equity from the Highline home and created a community obligation.

Evidence within Mr. Dickerson's control failed to allow the trial court to trace Mr. Dickerson's T. Rowe Price account. During discovery, Mr. Dickerson did not produce any T. Rowe Price monthly statements predating the parties' June 2007 marriage. At trial, Mr. Dickerson presented account statements showing a $0 account balance for November 2007, but a $421,815 account balance for December 2007.

Based on all the evidence, the trial court found that the parties intended to pool all of their separate property into community property. The trial court distributed the marital property to each party in approximately equal amounts. Mr. Dickerson timely appealed.

## ANALYSIS

Mr. Dickerson challenges the trial court's determination that the parties agreed to pool all of their separate assets to create community property. His argument is devoted to the trial court's characterization of the disputed T. Rowe Price account as community

3

property. Ms. Smith responds that Mr. Dickerson failed to trace the December 2007 deposit into the account to his separate property.

The character of an asset, separate or community, is determined at the date of acquisition. *In re Marriage of Kile*, 186 Wn. App. 864, 876, 347 P.3d 894 (2015). A spouse claiming that property is separate in character must clearly and convincingly trace the property to a separate source. *In re Marriage of Chumbley*, 150 Wn.2d 1, 6, 74 P.3d 129 (2003).

Here, Mr. Dickerson has failed to provide sufficient evidence that traces the disputed T. Rowe Price account to his separate property. Mr. Dickerson testified the account was his separate property and he did not deposit any funds into it during the marriage. But his testimony was contradicted by documentary evidence that the account balance went from $0 to $421,815 between November 2007 and December 2007. Also, he failed to produce any documentary evidence to explain the December 2007 deposit. Because he had the burden of tracing the December 2007 deposit to his separate property, and the trial court did not find that the deposit came from his separate property, we construe the trial court's failure to enter such a finding as a finding against him. *Crites v.*

No. 33863-1-III
*In re Marriage of Dickerson*

*Koch*, 49 Wn. App. 171, 176, 741 P.2d 1005 (1987). We conclude the trial court did not

err by finding that the disputed T. Rowe Price account was community property.[2]

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Korsmo, J.

---

[2] Mr. Dickerson contends the trial court's error in characterizing the disputed T. Rowe Price account led to two secondary errors. *See* Appellant's Br. at 10. Because the trial court did not err in how it characterized the account, we do not address the alleged secondary errors.

Also, Mr. Dickerson requests an award of attorney fees. His request appears in the conclusion section of his opening brief and lacks supporting argument. Such a request is not proper and is denied. *Osborne v. Seymour*, 164 Wn. App. 820, 866, 265 P.3d 917 (2011); *see also* RAP 18.1(b).

5